# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>20-014225-CZ<br>Hon. Brian R. Sullivan |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226          Court telephone no.: 313-224-2447

| Plaintiff's name(s), address(es), and telephone no(s)<br>Beverly, Alicia | v | Defendant's name(s), address(es), and telephone no(s).<br>Love Wins Ministries, Inc.<br>c/o registered agent<br>June Park<br>3756 Jackson Street<br>San Francisco, CA 94118 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Raquel Antonia Munoz 77420<br>19390 W 10 Mile Rd<br>Southfield, MI 48075-2458 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>10/29/2020 | Expiration date*<br>1/28/2021 | Court clerk<br>Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)          SUMMONS          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105





Received 11/28/2020
hand delivered to June Park

**SUMMONS**
Case No.: **20-014225-CZ**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                  Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments
_____ on _____
Day, date, time
_____ on behalf of _____

Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR WAYNE COUNTY

ALICIA BEVERLY

    Plaintiff,

vs.

DANIEL CHALMERS, and
LOVE WINS MINISTRIES, INC.,

    Defendants.

File No. 2020-    -CZ
Hon.

---

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
RAQUEL MUNOZ (P77420)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 West Ten Mile Rd.,
Southfield, MI 48075
P: (248) 355-5555
F: (248) 355-5148
r.munoz@fiegerlaw.com

---

## JURY DEMAND

**NOW COMES** Plaintiff, ALICIA BEVERLY, by and through her attorneys, FIEGER, FIEGER, KENNEY, & HARRINGTON P.C., and hereby demands a trial by jury in the above-captioned matter.

                                              Respectfully Submitted,
                                              *Fieger, Fieger, Kenney & Harrington, P.C.*

                                              /s/ *Raquel A. Muñoz*
                                              GEOFFREY N. FIEGER (P30441)
                                              JAMES J. HARRINGTON, IV (P65351)
                                              RAQUEL A. MUNOZ (P77420)
                                              Attorney for Plaintiff
                                              19390 W. 10 Mile Road
                                              Southfield, MI 48075
                                              (248) 355-5555

Dated: October 29, 2020                          r.munoz@fiegerlaw.com

{01015048.DOC}                                      1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR WAYNE COUNTY

ALICIA BEVERLY

    Plaintiff,

vs.

DANIEL CHALMERS, and
LOVE WINS MINISTRIES, INC.,

    Defendants.

File No. 2020-    -CZ
Hon.

---

GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
RAQUEL MUNOZ (P77420)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiff
19390 West Ten Mile Rd.,
Southfield, MI 48075
P: (248) 355-5555
F: (248) 355-5148
r.munoz@fiegerlaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

NOW COMES Plaintiff, ALICIA BEVERLY, by and through her attorneys FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., and for her Complaint and Jury Demand, states as follows:

{01015051.DOC}    1

## PARTIES AND JURISDICTION

1. At all times relevant hereto, Plaintiff, ALICIA BEVERLY, is a resident of Detroit, Wayne County, State of Michigan.

2. Upon information and belief, at all times relevant hereto, Defendant, DANIEL CHALMERS, (hereinafter "CHALMERS") was a resident from North Carolina and an employee of Defendant MINISTRIES, who was acting within the course and scope of his employment.

3. Upon information and belief, at all times relevant hereto, Defendant LOVE WINS MINISTRIES, INC. (hereinafter "MINISTRIES") was and is a non-profit corporation with its principal place of business in Raleigh, North Carolina.

4. All acts, transactions and/or occurrences giving rise to the injuries complained of herein, arose within the confines Wayne County, State of Michigan, on or about October 13, 2020.

5. The amount in controversy in this case exceeds Two Million ($2,000,000.00) Dollars, exclusive of costs, interest and attorney fees.

6. Venue and jurisdiction are properly vested in this Court.

## COMMON FACTUAL ALLEGATIONS

7. Plaintiff hereby reincorporates each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

8. Upon information and belief, and at all times relevant, Plaintiff, ALICIA BEVERLY, and her sister were on DELTA flight 874 from Las Vegas, NV to Detroit, MI on or about October 13, 2020.

{01015051.DOC}

2

9. Upon information and belief, and at all times relevant, Delta flight 874 from Las Vegas, NV to Detroit, MI had a scheduled departure of 11:30 p.m. on October 13, 2020 and an estimated arrival of 6:15 a.m. on October 14, 2020.

10. Plaintiff, ALICIA BEVERLY, and her sister boarded DELTA flight 874 and was assigned 23C and her sister was assigned to seat 23A.

11. Shortly after takeoff, Plaintiff, ALICIA BEVERLY, put a mask over her eyes and proceeded to fall asleep.

12. Upon information and belief, and at all times relevant, Plaintiff, ALICIA BEVERLY, felt something warm touching her and immediately woke up.

13. Upon information and belief, and at all times relevant, Plaintiff, ALICIA BEVERLY, observed Defendant, CHALMERS, standing next to her with his pants unzipped and his penis out, to which Plaintiff immediately screamed waking up the other occupants of the airplane.

14. Plaintiff, ALICIA BEVERLY, immediately realized that she had been urinated on by Defendant, CHALMERS.

15. Defendant, CHALMERS was immediately restrained and charged with assaulting Plaintiff, ALICIA BEVERLY.

16. Upon information and belief, and at all times relevant, Defendant, CHALMERS, was intoxicated while on DELTA flight 874.

17. At all times relevant hereto, Defendant, CHALMERS, was an employee of Defendant, MINISTRIES, and was acting within the course and scope of his employment, and as a result, Defendant, MINISTRIES, is vicariously liable for the acts of Defendant, CHALMERS.

{01015051.DOC} 3

## COUNT I
## NEGLIGENCE, GROSS NEGLIGENCE, WANTON AND
## WILLFUL MISCONDUCT - DEFENDANT DANIEL CHALMERS

18. Plaintiff hereby reincorporates each and every allegation set forth in the preceding paragraphs of this complaint as if fully set forth herein.

19. At all times relevant hereto, and pursuant to Michigan Law, Defendant, CHALMERS, owed a duty to act with ordinary care for the safety of the public and specifically to Plaintiff, ALICIA BEVERLY.

20. Defendant, CHALMERS, as an employee employed of Defendant, MINISTRIES, had a duty to act as a reasonably prudent person in the same or similar circumstances.

21. At all times relevant hereto, Defendant, CHALMERS, owed Plaintiff, ALICIA BEVERLY, the aforementioned duties in particular, by way of illustration and not limitation, and breached the same by doing the following:

   a. Actually and physically touching the body of Plaintiff, ALICIA BEVERLY, in a sexual and offensive manner without invitation, permission, or inducement;

   b. Urinating on the body of Plaintiff, ALICIA BEVERLY, without invitation, permission, or inducement;

   c. Inappropriately exposing himself in an extremely offensive and sexual nature toward Plaintiff, ALICIA BEVERLY, without invitation, permission, or inducement;

   d. Acting in a manner so reckless as to demonstrate a substantial lack of concern for whether injury resulted to Plaintiff;

   e. All other breaches of duty identified by Defendant, DANIEL CHALMERS, in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

   f. Any and all breaches that become known through litigation.

{01015051.DOC}

4

22. Defendant, CHALMERS, committed acts of negligence, gross negligence, willful and wanton misconduct against Plaintiff, ALICIA BEVERLY, as described previously, which constituted conduct so reckless and egregious as to amount to gross negligence.

23. As a and/or the proximate and direct cause of Defendant, CHALMES', negligent and/or grossly negligent acts and/or omissions, Plaintiff, ALICIA BEVERLY, suffered numerous injuries and damages, including but not limited to the following:

   a. Severe emotional and mental distress;

   b. Inability to experience social pleasures and enjoyment;

   c. Humiliation, grief, embarrassment, mortification;

   d. Anxiety, fright, shock;

   e. Other damages that may become known through the passage of time and/or the course of discovery;

   f. Any and all damages allowed under Michigan law.

24. At all times relevant hereto, Defendant, CHALMERS, was an employee of Defendant, MINISTRIES, and was acting within the course and scope of his employment, and as a result, Defendant, MINISTRIES, is vicariously liable for the acts of Defendant, CHALMERS.

**WHEREFORE**, Plaintiff, ALICIA BEVERLY, respectfully requests judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars, exclusive of costs, interest and attorney fees.

### COUNT II
### NEGLIGENT HIRING, TRAINING, SUPERVISION and/or INTERVENTION DEFENDANT LOVE WINS MINISTRIES, INC

25. Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

26. On the above date, Defendant, CHALMERS, was an employee and/or agent of Defendant, MINISTRIES.

27. At the time of the above incident, Defendant, MINISTRIES, owed duties to the general public, including Plaintiff, to properly hire, train and retain employees that could perform their job duties in a non-negligent manner and refrain from injuring the public, in general and Plaintiff, in particular.

28. At all times relevant hereto, Defendant, MINISTRIES, had the duty and capability to engage in proper screening of its employees before entrusting them to travel on their behalf.

29. At all times relevant hereto, Defendant, MINISTRIES, had the duty to train, monitor, and supervise its employees for the safety of the public.

30. Defendant, MINISTRIES, and its agents and its employees, were negligent and/or grossly negligent, in one or more of the following ways claimed by Plaintiff:

   a. Hiring a pastor, specifically Defendant, CHALMERS, who lacked the appropriate skills and/or knowledge to not urinate on others, specifically ALICIA BEVERLY;

   b. Failing to properly train employees and specifically Defendant, CHALMERS, in how to appropriately interact when flying ensuring that employees never resort to urinating on others;

   c. Failed to supervise and/or monitor Defendant, CHALMERS, after being hired by Defendant, MINISTRIES;

   d. Failed to put in place policies and procedures that would prevent such behavior shown by Defendant, CHALMERS;

   e. Failed to execute adequate screening and/or training procedures;

   f. All other breaches of duty identified by Defendant, MINISTRIES, in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

{01015051.DOC}                                6

g.  Any and all breaches that become known through litigation.

31.  As a and/or the proximate and direct cause of Defendant, CHALMERS, negligent and/or grossly negligent acts and/or omissions, Plaintiff, ALICIA BEVERLY, suffered numerous injuries and damages, including but not limited to the following: Emotional and mental distress;

a.  Severe emotional and mental distress;

b.  Inability to experience social pleasures and enjoyment;

c.  Humiliation, grief, embarrassment, mortification;

d.  Anxiety, fright, shock;

e.  Other damages that may become known through the passage of time and/or the course of discovery;

f.  Any and all damages allowed under Michigan law.

**WHEREFORE**, Plaintiff, ALICIA BEVERLY, respectfully requests judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars, exclusive of costs, interest and attorney fees.

## COUNT III
## VICARIOUS LIABILITY
## AGAINST DEFENDANT MINISTRIES

32.  Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

33.  At all relevant times hereto, Defendant, MINISTRIES, is vicariously responsible for the negligent acts and omissions of its employees and/or agents.

34.  At all times relevant, Defendant, MINISTRIES, owed a duty to the public specifically Plaintiff, ALICIA BEVERLY, to exercise reasonable care given the circumstances.

{01015051.DOC}                                7

35. At all relevant times, Defendant, MINISTRIES, and its agents and its employees, were vicariously responsible for the negligent acts and omissions of its employees and/or agents, in one or more of the following ways claimed by Plaintiffs:

   a. Hiring a pastor, specifically Defendant, CHALMERS, who lacked the appropriate skills and/or knowledge to not urinate on others, specifically ALICIA BEVERLY;

   b. Failing to properly train employees and specifically Defendant, CHALMERS, in how to appropriately interact when flying ensuring that employees never resort to urinating on others;

   c. Failed to supervise and/or monitor Defendant, CHALMERS, after being hired by Defendant, MINISTRIES;

   d. Failed to put in place policies and procedures that would prevent such behavior shown by Defendant, CHALMERS;

   e. Failed to execute adequate screening and/or training procedures;

   f. All other breaches of duty identified by Defendant, MINISTRIES, in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

   g. Any and all breaches that become known through litigation.

36. As a direct and proximate cause of the negligence and/or gross negligence and/or willful and wanton conduct of Defendant, MINISTRIES, and its agents and employees, the Plaintiffs suffered the following injuries and damages:

   a. Severe emotional and mental distress;

   b. Inability to experience social pleasures and enjoyment;

   c. Humiliation, grief, embarrassment, mortification;

   d. Anxiety, fright, shock;

   e. Other damages that may become known through the passage of time and/or the course of discovery;

   f. Any and all damages allowed under Michigan law.

**WHEREFORE**, Plaintiff, ALICIA BEVERLY, respectfully requests judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of TwO Million ($2,000,000.00) Dollars, exclusive of costs, interest and attorney fees.

## COUNT IV
## SEXUAL ASSAULT AND BATTERY
## AGAINST DEFENDANT, DANIEL CHALMERS

37. Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

38. At all relevant times, Defendant, CHALMERS, unlawfully, and without consent, actually and physically touched Plaintiff, ALICIA BEVERLY's, body, specifically, but not limited to, when he urinated on her while on Delta flight 874.

39. At all relevant times, Defendant, CHALMERS, negligently, intentionally, and/or willfully or maliciously sexually assaulted Plaintiff, ALICIA BEVERLY.

40. Defendant, CHALMERS, knew or should have known, that his conduct was illegal and malicious and was a violation of the statutes and common laws of the State of Michigan.

41. As a result of Defendant, CHALMERS' illegal, negligent, grossly negligent, intentional, and/or malicious conduct, Defendant breached the duties owed to Plaintiff, ALICIA BEVERLY, of not sexually assaulting a person, or touching, without consent, contrary to the laws and the rights of citizens in the State of Michigan.

42. As a and/or the proximate and direct cause of Defendant, CHALMERS, negligent and/or grossly negligent acts and/or omissions, Plaintiff, ALICIA BEVERLY, suffered numerous injuries and damages, including but not limited to the following: Emotional and mental distress;

a. Severe emotional and mental distress;

b. Inability to experience social pleasures and enjoyment;

c. Humiliation, grief, embarrassment, mortification;

d. Anxiety, fright, shock;

e. Other damages that may become known through the passage of time and/or the course of discovery;

f. Any and all damages allowed under Michigan law.

**WHEREFORE**, Plaintiff, ALICIA BEVERLY, respectfully requests judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of Two Million ($2,000,000.00) Dollars, exclusive of costs, interest and attorney fees.

## COUNT V
## INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANT DANIEL CHALMERS

43. Plaintiffs hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

44. Defendant, CHALMERS, inflicted great emotional distress upon Plaintiff, ALICIA BEVERLY, by way of the aforementioned illegal and improper acts.

45. The aforementioned illegal and improper acts constitute extreme and outrageous conduct, which caused Plaintiff, ALICIA BEVERLY, to suffer severe injuries, including humiliation, indignity and injury to her psyche including, but not limited to the following, all of which shock the conscience of the community:

a. Actually and physically touching the body of Plaintiff, ALICIA BEVERLY in a sexual and offensive manner without invitation, permission, or inducement;

b. Urinating on the body of Plaintiff, ALICIA BEVERLY, without invitation, permission, or inducement;

c. Inappropriately exposing himself in an extremely offensive and sexual nature toward Plaintiff, ALICIA BEVERLY, without invitation, permission, or inducement;

d. All other breaches of duty identified by Defendant in deposition testimony and/or answers to interrogatories and/or all other discovery, all of which is hereby adopted by reference; and

e. Any and all other breaches that become known through the course of litigation.

46. Defendant, CHALMERS, by and through his acts and/or omissions, inflicted emotional distress upon Plaintiff, ALICIA BEVERLY, by his unconsented sexual assault and battery directed toward Plaintiff.

47. The conduct of Defendant, CHALMERS, was extreme, outrageous, and of a character not to be tolerated by a civilized society.

**WHEREFORE**, Plaintiff, ALICIA BEVERLY, respectfully requests judgment in favor of Plaintiff and against Defendants, jointly and severally, in an amount in excess of Two Million (2,000,000.00) Dollars, exclusive of costs, interest and attorney fees.

Respectfully Submitted,

*Fieger, Fieger, Kenney & Harrington, P.C.*

/s/ *Raquel A. Muñoz*
GEOFFREY N. FIEGER (P30441)
JAMES J. HARRINGTON, IV (P65351)
RAQUEL A. MUNOZ (P77420)
Attorney for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
r.munoz@fiegerlaw.com

Dated: October 29, 2020

{01015051.DOC}

11