**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALICIA BEVERLY,                                    Case No.: 20-13382
                                                   Hon. Laurie J. Michelson
    Plaintiff,                                 Mag. Anthony P. Patti

v

DELTA AIR LINES and
DANIEL CHALMERS,

    Defendants.

---

| | |
|---|---|
| Geoffrey N. Fieger (P30441) | Gregory P. LaVoy (P73505) |
| Nora Y. Hanna (P80067) | Meriam Choulagh (P81072) |
| FIEGER, FIEGER, KENNEY & HARRINGTON, P.C. | HARVEY KRUSE, P.C. |
| *Attorneys for Plaintiff* | *Attorneys for Defendant Chalmers* |
| 19390 West Ten Mile Road | 1050 Wilshire Drive, Suite 320 |
| Southfield, MI 48075 | Troy, MI 48084 |
| (248) 355-5555 | (248) 649-7800 / (248) 649-2316 (fax) |
| n.hanna@fiegerlaw.com | glavoy@harveykruse.com |
| | mchoulagh@harveykruse.com |
| | jdzieszkowski@harveykruse.com |
| | |
| | Scott R. Torpey (P36179) |
| | Derek D. McLeod (P66229) |
| | JAFFE RAITT HEUER & WEISS P.C. |
| | *Attorneys for Defendant Delta* |
| | 27777 Franklin Road, Suite 2500 |
| | Southfield, MI 48034 |
| | (248) 351-3000 |
| | storpey@jaffelaw.com |
| | dmcleod@jaffelaw.com |

---

**DEFENDANT DANIEL CHALMERS'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF <u>CIVIL PROCEDURE 12(B)(2)</u>**

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................. ii

ISSUE PRESENTED ......................................................................................... iii

LEGAL ARGUMENT AND ANALYSIS ............................................................. 1

I. SUMMARY JUDGMENT UNDER RULE 12(B)(2) IS APPROPRIATE AT THIS TIME ... 1

II. PLAINTIFF CANNOT ESTABLISH SPECIFIC PERSONAL JURISDICTION OVER MR. CHALMERS IN MICHIGAN ................................................................. 4

    A. Mr. Chalmers Did Not "Transact Business" In Michigan .......................... 4

    B. This Case Does Not Involve Any Allegedly Tortious Activity Occurring In Michigan ................................................................................ 6

III. EXERCISING PERSONAL JURISDICTION WOULD OFFEND DUE PROCESS .............. 7

# INDEX OF AUTHORITIES

**Cases**

*Domino's Pizza PMC v. Caribbean Rhino, Inc.*, 453 F. Supp. 2d 998
   (E.D. Mich., 2006) ...................................................................................5

*Flint Ink Corp v Brower*, 845 F. Supp. 404 (E.D. Mich., 1994)..................5

*Int'l Techs. Consultants, Inc. v Euroglas SA*, 107 F.3d 386 (6th Cir., 1997)..............5

*Lafarge Corp. v. Altech Environment, U.S.A.*, 220 F. Supp. 2d 823
   (E.D. Mich. 2002) ...................................................................................2

*Oberlies v. Searchmont Resort, Inc.*, 246 Mich. App. 424; 633 N.W.2d 408
   (2001) ...................................................................................4, 5, 6

*Popma v. Auto Club Ins. Ass'n*, 446 Mich. 460; 521 N.W.2d 831 (1994) ................. 4

*Steel Co. v. Citizens for a Better Envt.*, 523 U.S. 83 (1998)........................................1

*Theunissen v. Matthews*, 935 F.2d 1454 (6th Cir. 1991) ..............................................3

*Walden v. Fiore*, 571 U.S. 277 (2014) ........................................................................7

*Yoost v. Caspari*, 295 Mich. App. 209; 813 N.W.2d 783 (2012) ...............................5

**Statutes**

M.C.L. 600.705 ................................................................................4, 5, 6, 7

**Rules**

FED. R. CIV. P. 12(b)(2).................................................................................

FED. R. CIV. P. 12(h).................................................................................1

ii

## **ISSUE PRESENTED**

I. Whether Plaintiff's First Amended Complaint against Daniel Chalmers should be dismissed for lack of personal jurisdiction where Mr. Chalmers has no connection or presence in Michigan and where the allegedly tortious acts giving rise to Plaintiff's First Amended Complaint occurred outside the State of Michigan.

*Plaintiff Beverly Answers*: No

*Defendant Chalmers Answers*: Yes

**LEGAL ARGUMENT AND ANALYSIS**

Plaintiff advances essentially two sets of arguments in response to the subject motion—one procedural and one substantive. Neither is sufficient to establish that personal jurisdiction exists over Mr. Chalmers in the State of Michigan (or to create a question of fact as that issue). Defendant will address both arguments, in turn.

I. **SUMMARY JUDGMENT UNDER RULE 12(B)(2) IS APPROPRIATE AT THIS TIME**

As an initial matter, Plaintiff argues that summary judgment is not appropriate at this time because this case is in the nascent stages of litigation and she has yet to be afforded discovery. This argument fails for one or more of several reasons.

First, because the subject motion raises a jurisdictional challenge, consideration and disposition of this motion at the onset of the case is both timely and appropriate. Indeed, Defendant is *required* by the Court Rules to raise any challenges to personal jurisdiction at this time, see FED. R. CIV. P. 12(h)(1), and such jurisdictional challenges must be resolved "as a threshold matter." *Steel Co. v. Citizens for a Better Envt.*, 523 U.S. 83, 94 (1998).

Second, this case presents no disputed issues of material fact that require discovery. It is clear from review of both Defendant Chalmers's Brief and Plaintiff's response that, for purposes of this motion and the jurisdictional inquiry, there are no conflicting or disputed facts between the parties. While Plaintiff asserts that she should be permitted discovery to ascertain the extent of Mr. Chalmers's connections

1

to Michigan, it is important to note that Plaintiff has conceded that general personal jurisdiction does not exist in this case as she alleges personal jurisdiction on a specific/limited theory only. (See ECF No. 36, PageID.369-370). Thus, Mr. Chalmers's general connections (or lack thereof) to Michigan are of no moment; Plaintiff must establish that the *specific claims pleaded* "arise from or relate to those contacts." *Lafarge Corp. v. Altech Environment, U.S.A.*, 220 F. Supp. 2d 823, 828 (E.D. Mich. 2002).

Indeed, third and relatedly, the facts salient to the determination whether personal jurisdiction exists under the appropriate legal tests are not disputed and exist on the record before this Court. The claim alleged in this case is based on a single tortious act that occurred on a flight from Nevada to North Carolina (via Michigan). In particular, the evidence posited by Defendant establishes that the alleged tortious conduct occurred at approximately 2:45 AM as the parties' flight was traveling over the state of Iowa. (See ECF No. 29, PageID.275 & Ex. B, ECF No. 29-3, PageID.303). Plaintiff's response likewise establishes that the alleged tortious conduct occurred at precisely the same time (2:44 or 2:45 AM), and Plaintiff cites to *additional*, contemporaneously created evidence in support of this fact. (See ECF No. 36, PageID.375 ("0245hrs"), PageID.376 ("02:44am")). Thus, the parties do not dispute when the alleged tortious conduct occurred, which was well before the Delta flight entered Michigan and/or landed in Detroit. Thus, as set forth at greater length

in Defendant's original Brief, the tortious conduct did not occur in Michigan or involve any activity directed at Michigan as a forum. There is simply no dispute of fact in this regard.

Likewise, while Plaintiff requests the depositions of various individuals, there is no offer of proof as to what their testimony conceivably even *could* reveal so as to establish a basis for specific personal jurisdiction. Where Plaintiff has already included the contents of the police investigatory report along with the witness statements, the lack of any specificity as to how additional discovery may establish a basis for specific personal jurisdiction is a telling omission in Plaintiff's response.

For each or all of these reasons, Plaintiff's objection that the subject motion is premature is not well taken. The parties agree on the salient facts necessary to the jurisdictional determination. Notably, any disputes between the parties as to the legal significance of a particular fact or the application of the law to the facts presents a legal (rather than factual) dispute that does not warrant additional discovery. Accordingly, this motion is timely and contains a record sufficient for a decision.[1]

---

[1] *If* this Court were to disagree with Defendant's position on Plaintiff's procedural objections and conclude either that there is a material dispute of fact or that Plaintiff should be afforded discovery as to a factual issue raised, dismissal of this motion is not warranted. Instead, the appropriate remedy would be a short period of limited discovery targeted only to the question of personal jurisdiction and/or the particular factual dispute, which would therefore allow this Court then to reconsider Defendant's motion on the merits. See generally *Theunissen v. Matthews*, 935 F.2d 1454, 1458-1459 (6th Cir. 1991).

## II. PLAINTIFF CANNOT ESTABLISH SPECIFIC PERSONAL JURISDICTION OVER MR. CHALMERS IN MICHIGAN

As to the substance of Defendant's motion, Plaintiff argues that M.C.L. 600.705(1) (transaction of business) and/or (2) (in-State tortious activity) supply a basis for personal jurisdiction over Mr. Chalmers. Both arguments fail.

### A. Mr. Chalmers Did Not "Transact Business" In Michigan

Plaintiff first argues that Mr. Chalmers "transacted business" by purchasing an airline ticket and flying on a plane that included a mid-journey stop in Detroit. This argument is legally unavailing. The "transaction of any business" standard under M.C.L. 600.705 means just that: the conduct or carrying out of *business activities* within the state of Michigan. As the Michigan Court of Appeals has explained:

> The phrase "transaction of any business" is not defined in the statute. Therefore, it is proper to rely on dictionary definitions in determining the meaning of that provision. *Popma v. Auto Club Ins. Ass'n*, 446 Mich. 460, 470; 521 N.W.2d 831 (1994). "Transact" is defined as "to carry on or conduct (business, negotiations, etc.) to a conclusion or settlement." "Business" is defined as "an occupation, profession, or trade . . . the purchase and sale of goods in an attempt to make a profit.

*Oberlies v. Searchmont Resort, Inc.*, 246 Mich. App. 424, 430; 633 N.W.2d 408 (2001) (quoting RANDOM HOUSE WEBSTER'S COLLEGE DICTIONARY (1997)). In *Oberleis*, the Court found significant a nonresident corporation's activities in Michigan that evidenced "a clear intent by the corporation to further the ends of its business by particularly targeting Michigan residents for profit and evidence that the corporation's [activities] led directly to establishing business relationships with

4

Michigan residents." *Id.* at 431.

Plaintiff does not cite to (let alone provide any support for) any *business or professional activities* that *Mr. Chalmers* was conducting in Michigan. The conduct referenced by Plaintiff—Mr. Chalmers purchasing an airline ticket to return home from Nevada to North Carolina as part of a personal trip[2]—does not even arguably meet the common understanding of an occupational, professional, or trade activity under the statute or as discussed in *Oberleis* or other caselaw.

Indeed, caselaw from Michigan state courts and federal courts interpreting the Michigan statute apply M.C.L. 600.705(1) to traditional business activities only. This includes cases where courts have held that personal jurisdiction exists pursuant to the statute,[3] as well as cases where courts have held that personal jurisdiction does not exist pursuant to the statute.[4] Plaintiff's discussion in her brief that even the "slightest transaction" will suffice to establish personal jurisdiction nevertheless does so in the

---

[2] See also Declaration, ECF No. 2-3, PageID.51 (establishing that Daniel Chalmers was traveling for personal reasons on October 13, 2020).

[3] See, e.g., *Domino's Pizza PMC v. Caribbean Rhino, Inc.*, 453 F. Supp. 2d 998, 1002 (E.D. Mich., 2006) (use of websites to solicit Michigan businesses for products directed at Michigan residents); *Flint Ink Corp v Brower*, 845 F. Supp. 404, 408 (E.D. Mich., 1994) (travel to Michigan to seek out business relationship with company).

[4] See, e.g., *Yoost v. Caspari*, 295 Mich. App. 209, 229-231; 813 N.W.2d 783 (2012) (third-party defendant's actions paying attorney fees to an attorney in Michigan on behalf of a party to the litigation did not constitute the transaction of business); *Int'l Techs. Consultants, Inc. v Euroglas SA*, 107 F.3d 386 (6th Cir., 1997) (foreign residents not engaged in business transactions in Michigan for misappropriation of design for a plant to be built abroad absent Michigan-based business dealings).

context of actual *business* activity. See *Oberlies*, 246 Mich. App. at 430-432 (caselaw cited by Plaintiff where the defendant—a non-resident corporation—was engaged in a widespread advertising campaign for the purpose of soliciting business from Michigan customers, which was sufficient to constitute business transactions under the statute). Plaintiff fails to cite to any caselaw (and Defendant is aware of none) where a court has held that a purely personal activity can constitute a "business transaction" for purposes of MCL 600.705(1).

### B. This Case Does Not Involve Any Allegedly Tortious Activity Occurring In Michigan

Personal jurisdiction is also lacking under Plaintiff's alternative argument that Mr. Chalmers did an act or caused a consequence to occur "in the state resulting in an action for tort," as provided by M.C.L. 600.705(2). As set forth above and discussed at length in Defendant's primary brief, the alleged tortious incident giving rise to Plaintiff's claims of negligence and gross negligence occurred outside of the state of Michigan. There is no dispute of fact in this regard as the documents relied upon and attached as exhibits to Plaintiff's own response support this conclusion.

Based on the authority discussed in Defendant's primary Brief (which Plaintiff does not discuss or dispute), M.C.L. 600.705(2) requires more than a simple interaction between a defendant and a Michigan-based plaintiff or alleged harm/damages felt by a Michigan-based plaintiff in Michigan. Where (as here) tortious acts occur out-of-state, specific jurisdiction does not lay against a non-

6

Michigan defendant. Because the alleged tortious conduct giving rise to Plaintiff's occurred outside of Michigan in this case, M.C.L. 600.705(2) simply does not supply a basis for personal jurisdiction over Mr. Chalmers in this case.

### III. EXERCISING PERSONAL JURISDICTION WOULD OFFEND DUE PROCESS

Finally, Plaintiff's due process arguments likewise fail to establish that jurisdiction would comport with due process on these facts. Rather than focus on the *defendant's* due process rights at issue, Plaintiff primarily argues that Michigan is an appropriate forum because a Michigan resident was allegedly injured and that litigation in Michigan would be more convenient. As discussed at length in Defendant's primary Brief, where Mr. Chalmers has no connection to Michigan and the allegedly tortious conduct occurred outside of Michigan, due process is not satisfied merely by the fact that Plaintiff and Mr. Chalmers both happened to be on a flight to Michigan or that Plaintiff is from Michigan. None of Plaintiff's arguments elevate the alleged connections in this case beyond the purely "random, fortuitous, or attenuated" contacts, *Walden v. Fiore*, 571 U.S. 277, 286 (2014), with a resident of Michigan that are insufficient to establish a basis for jurisdiction over a non-resident.

                        Respectfully Submitted,

                        HARVEY KRUSE, P.C.

                        By: /s/ Gregory P. LaVoy
                              Gregory P. LaVoy (P73505)

Dated: June 8, 2021                  Attorneys for Defendant Chalmers

**PROOF OF SERVICE**

The Undersigned certifies that the forgoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on June 8, 2021.

☐ US Mail  ☐ Fax
☐ Hand Delivered  ☐ UPS
☐ Fed. Express  ☒ E-file - ECF

Signature /s/ *Jessica Dzieszkowski*